IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LOUIE M. BUNCH, | ) | Case No. 04-03046-02-CR-S-ODS |
| | ) | |
| MICHAEL HIGGINS, | ) | Case No. 04-03046-04-CR-ODS |
| | ) | |
| NORMAN WEAVER, | ) | Case No. 04-03046-07-CR-ODS |
| | ) | |
| DEBORAH PARKER, | ) | Case No. 04-03046-15-CR-ODS |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS AND OVERRULING DEFENDANTS' OBJECTIONS

The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, issued his Reports and Recommendations ("Reports") (Docs. # 227, 229, 230, 231) recommending that the Court deny Defendants Louie M. Bunch's, Michael Higgins', Norman Weaver's and Deborah Parker's Motions to Declare Charging Statue Unconstitutionally Vague (Docs. # 188, 189, 198, 207). They claim that 21 U.S.C. § 841(c)(2) should be declared void for vagueness and seek dismissal of the Counts pertaining to that statute that have been charged against them. Defendants Louie M. Bunch and Michael Higgins filed timely objections to the Reports, which raised the same arguments that they made in their motions (Docs. # 237, 251). After conducting a de novo review of the record, the Court adopts the Reports as the Order of the Court.

Defendants argue that 21 U.S.C. § 841(c)(2) is unconstitutionally vague because the "reasonable cause to believe" language fails to give them fair warning of the illegal criminal conduct and fails to establish standards to govern law enforcement in enforcing

the law.  The relevant portion of section 841(c)(2) states "[a]ny person who knowingly and intentionally - (2) possesses or distributes a listed chemical, knowing or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance. . .  shall be fined in accordance with Title 18. . . ."  21 U.S.C. § 841(c)(2).

The Eighth Circuit recently addressed the argument raised by Defendants.  United States v. Sdoulam, 398 F.3d 981 (8th Cir. 2005).  In Sdoulam, the Court held that "a charge of conspiracy to violate Section 841(c)(2) satisfies the specific intent requirement and does not give rise to a 'legal impossibility.'"  Id. at 987-88 (relying upon United States v. Bewig, 354 F.3d 731, 737 (8th Cir. 2003) (holding that section 841(c)(2) did not criminalize a negligent act and was not unconstitutionally vague)).  Upon review of these cases and the parties' arguments, it is the opinion of this Court that the Eighth Circuit's findings in Sdoulam and Bewig that section 841(c)(2) is not unconstitutionally vague control this case.  Defendants' Motions to Declare Charging Statute Unconstitutionally Vague are denied.

IT IS SO ORDERED.

DATE: April 22, 2005   /s/ Ortrie D. Smith
    ORTRIE D. SMITH, JUDGE
    UNITED STATES DISTRICT COURT

2